UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

STRIKE 3 HOLDINGS, LLC,    :

      Plaintiff    :   CIVIL ACTION NO. 3:24-cv-1221

v.    :   (JUDGE MANNION)

JOHN DOE, subscriber assigned   :
IP address 98.49.123.72,
:
      Defendant

## MEMORANDUM

In this internet copyright infringement action, Plaintiff claims that Defendant, identified at this time only by his or her Internet Protocol address ("IP address"), used a file-sharing network to infringe Plaintiff's copyrighted motion pictures. (*See generally* Doc. 1). Presently before the court is Plaintiff's motion for expedited discovery. (Doc. 5). Plaintiff seeks to serve third-party subpoenas on an internet service provider ("ISP"), identified by an infringement detection software system and verified by an expert computer forensics company, prior to a Rule 26(f) conference in order to obtain the name and address of the unidentified defendant, who is associated with the identified IP address that was allegedly used to illegally copy and distribute Plaintiff's copyrighted work. For the following reasons, Plaintiff's motion to

conduct expedited discovery with respect to the identified IP address will be granted, subject to the restrictions set forth in the accompanying order.

I.  **Background**

Plaintiff, Strike 3 Holdings, LLC, is the owner of certain motion pictures distributed through *Blacked*, *Tushy*, *Vixen*, *Tushy Raw*, *Blacked Raw*, *MILFY*, and *Slayed* adult websites and DVDs. (Doc. 1, ¶ 3). Plaintiff asserts the following facts in its complaint (Doc. 1), motion for expedited discovery (Doc. 5), and brief in support thereof (Doc. 6). The court accepts the averments as true only for purposes of this motion.

Plaintiff claims that the individual associated with IP address 98.49.123.72 used BitTorrent protocol to infringe on its exclusive rights by copying and distributing the constituent elements of 27 separate movies, despite Plaintiff holding a registered copyright for each. (Doc. 1, ¶¶ 4, 48, 49). By way of background, BitTorrent is a system designed to quickly distribute large files over the internet. (*Id.* at ¶ 17). Instead of downloading a file, such as a movie, from a single source, BitTorrent users are able to connect to the computers of other BitTorrent users in order to simultaneously download and upload pieces of the file from and to other users. (*Id.*). To share a movie within the BitTorrent network, a user first uses BitTorrent software to create a .torrent file from the original digital media file. (*Id.* at ¶

19). This process breaks the original digital media file down into numerous pieces to allow other users on the network to download such pieces from each other, rather than transferring a much larger digital file. (*See Id.*). Once a user has downloaded all the pieces of the file, BitTorrent uses a unique identifier on each piece, known as a "hash value," to reassemble the pieces into a complete file so the user can play the downloaded file. (*See Id.* at ¶¶ 20-26). Although the individual user does not display his or her name while using BitTorrent, an individual user exposes the IP address he or she is using when downloading or sharing a file.

Plaintiff employed its infringement detection system, named "VXN Scan" to discover that Defendant used the BitTorrent file network to download and distribute Plaintiff's copyrighted motion pictures. (Doc. 1, ¶ 29). Furthermore, Plaintiff engaged Computer Forensics, LLC, a Florida based expert computer forensics company, to analyze the forensic evidence captured by Plaintiff's infringement detection system to verify a recorded transaction with the IP address 98.49.123.72 showing the uploading of a piece or pieces of a file corresponding to Plaintiff's motion pictures. (Doc. 5-2, ¶¶ 3, 26-28). In other words, the John Doe Defendant allegedly used BitTorrent to obtain and distribute copies of Plaintiff's works as enumerated in Exhibit A of the Complaint. (Doc. 1, ¶ 40). Plaintiff used IP address

geolocation technology by Maxmind Inc., a provider of IP address intelligence and online fraud detection tools, to determine that Defendant's IP address traced to a physical address in the Middle District of Pennsylvania. (*Id.* at ¶ 9).[1] Plaintiff alleges that at no point in time did it authorize, permit or consent to Defendant's distribution of its works. (*Id.* at ¶ 50). Plaintiff's complaint asserts that the John Doe Defendant's aforementioned conduct constitutes direct copyright infringement. (*Id.* at ¶ 51).

On August 16, 2024, a few weeks after commencing the captioned action, Plaintiff filed the instant motion for expedited discovery, seeking leave to serve a subpoena upon Comcast Cable, the ISP associated with the IP address of the Defendant. (*See* Doc. 1, ¶ 5). In the memorandum of law in support of Plaintiff's motion, Plaintiff asserts that only the ISP is able to determine the identity of the John Doe Defendant since the ISP is the only entity with the requisite information to identify the account holder of the IP

---

[1] In situations where a plaintiff filed suit against unnamed defendants, courts have accepted IP addresses as establishing a *prima facie* case of personal jurisdiction. *Malibu Media, LLC v. John Does 1-15*, Civ. No. 12-cv-2077, 2012 WL 3089383, *10 (E.D. Pa. July 30, 2012) (citations omitted). Plaintiff's factual assertion as to the location of the John Doe Defendant at the time of the alleged infringement establishes personal jurisdiction for purposes of the pending motion. Should the ISP or the John Doe Defendant make a showing contrary to this assertion, the court will reexamine the issue of personal jurisdiction.

address at specific times when infringements were recorded. (*See* Doc. 6 at pp. 3-4, 10-11). Plaintiff argues that such expedited discovery is reasonable under the circumstances.

## II. Legal Standard

Generally, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). However, courts have broad discretion to manage the discovery process and can expedite or otherwise alter the timing and sequence of discovery. *See id.*

Courts faced with motion for expedited discovery requests to ascertain the identify of "John Doe" defendants in internet copyright infringement cases often apply the "good cause" or reasonableness standard.[2] *See Canal Street*

---

[2] Some districts courts in the Third Circuit have applied an injunctive relief standard. *See Leone v. Towanda Borough*, Civ. No. 12-cv-0429, 2012 WL 1123958, *12 (M.D. Pa. Apr. 4, 2012). The injunctive relief standard is more stringent and requires the moving party to demonstrate: (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of the irreparable injury; and (4) some evidence that the injury that will result without expedited discovery is greater than the injury that the defendant will suffer if the expedited relief is granted. *Gucci Am., Inc. v. Daffy's Inc.*, Civ. No. 00-cv-4463, 2000 WL 1720738, *6 (D.N.J. Nov. 14, 2000) (quoting *Notaro v. Koch*, 95 F.R.D. 493, 405 (S.D.N.Y. 1982)). As noted by the *Leone* Court, the Third Circuit has not yet adapted a clear standard, however, the recent trend among courts in this circuit favors the "good cause" or reasonableness standard. *Leone*, 2012 WL 1123958 at *2. The court applies this standard to Plaintiff's motion.

*Films v. Does 1–22*, Civ. No. 1:13-CV-0999, 2013 WL 1775063, at *2 (M.D. Pa. Apr. 25, 2013) ("[T]he recent trend among courts in this circuit favors the 'good cause' or reasonableness standard.'"); *see also, e.g.,* Strike 3 Holdings, LLC v. Doe, No. CV 21-4877-KSM, 2021 WL 5235286, at *1 (E.D. Pa. Nov. 10, 2021); *Samuel, Son & Co. v. Beach*, Civ. No. 13-cv-0128, 2013 WL 4855325, *3 (W.D. Pa. Sept. 11, 2013); *West Coast Prod. Inc. v. Does 1-169*, Civ. No. 12-cv-5930, 2013 WL 3793969, *1 (D.N.J. July 19, 2013); *Leone v. Towanda Borough*, Civ. No. 12-cv-0429, 2012 WL 1123958, *2 (M.D. Pa. Apr. 4, 2012) (citing *Kone Corp. v. Thyssenkrupp USA, Inc.*, Civ. No. 11-cv-0465, 2011 WL 4478477, *3 (D. Del. Sept. 26, 2011)).

On ruling on a motion for expedited discovery, the court should consider the "entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances." *Modern Woman, LLC v. Does I-X*, Civ. No. 12-cv-4858, 2013 WL 888603, *2 (D.N.J. Feb. 27, 2013) (citing *Better Packages, Inc. v. Zheng*, Civ. No. 05-cv-4477, 2006 WL 1373055, *2 (D.N.J. May 17, 2006)). Good cause is usually found where the plaintiff's need for expedited discovery, in consideration of the administration of justice, outweighs the possible prejudice or hardship to the defendant. *Leone*, 2012 WL 1123958 at *2; *Fonovisa, Inc. v. Does 1-9*, Civ. No. 07-cv-

1515, 2008 WL 919701, *10 n.22 (W.D. Pa. Apr. 3, 2008) (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)).

### III. Discussion

The reasonableness standard requires the court to consider the "actual circumstances of this case, as well as . . . certain factors such as . . . the need for discovery, and the breadth of the moving party's discovery requests." *Kone Corp.*, 2011 WL 4478477 at *6 (quoting *BAE Sys. Aircraft Controls, Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581, 587 (D. Del. 2004)). In the matter at hand, the actual circumstances favor expedited discovery and satisfy the reasonableness standard.

For purposes of the instant motion, Plaintiff asserts a *prima facie* claim of copyright infringement. To establish copyright infringement, two elements must be proven: (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (citing *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 548 (1985)). Here, Plaintiff satisfies both elements. First, Plaintiff avers that it is the copyright holder for each of the Motion Pictures. (*See* Doc. 1, ¶ 48; *see also* Doc. 1-2, Exhibit A). In addition, Plaintiff asserts that the John Doe Defendant, through the use of BitTorrent, illegally copied and distributed the constituent elements of 27 of

Plaintiff's motion pictures. (Doc. 1, ¶¶ 4, 37, 49; Doc. 1-2, Exhibit A.) Therefore, the court finds that Plaintiff has adequately set forth a *prima facie* claim of copyright infringement for purposes of the instant motion. *See Malibu Media*, 2012 WL 3089383 at \*7.

Moreover, Plaintiff has shown to have no practical way to identify the alleged infringer, apart from serving a subpoena on the identified ISP. *See Malibu Media*, LLC, 2012 WL 3089383, at \*7 ("[W]e fail to recognize any available alternative."). Accordingly, without granting the pending motion, Plaintiff can neither identify nor serve the John Doe Defendant, and this action cannot consequently proceed. *See id.* at \* 1 ("Without knowing defendant's identity, plaintiff cannot make service and the lawsuit cannot proceed."); *see also Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004) (when "discovery is sought by a plaintiff [that] would aid in the identification of responsible defendants or the lack thereof, district courts should strongly consider granting it."), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 556 U.S. 662, 678 (2009). Consequently, identifying and serving the alleged infringer is the only method through which plaintiff can protect its copyright interests. And this expedited discovery request relates to serving subpoenas upon Comcast Cable to gather the John Doe Defendant's account information for the purpose of properly identifying the alleged infringer and

serving the complaint. Thus, Plaintiff's expedited discovery request appears reasonable and not overbroad.

Although the court concludes that the request for expedited discovery is reasonable under the circumstances, in light of the unavoidable *ex parte* nature of such a request, the court finds it prudent to incorporate some protections to avoid any unintended consequences of the disclosure of the John Doe Defendant's information. Other districts courts have expressed similar concerns and have incorporated conditions intended to curtail unfettered expedited discovery in similar copyright infringement actions. *See, e.g., Malibu Media LLC v. Doe*, No. 1:15-CV-1129, 2015 WL 3795948, at *1 (M.D. Pa. June 18, 2015); *Vision Films, Inc. v. John Does 1-24*, Civ. No. 12-cv-1746, 2013 WL 1163988, *5-6 (D. Del. Mar. 20, 2013) (citing *Digital Sin v. Does 1-176*, 279 F.R.D. 239, 244-45 (S.D.N.Y. 2012)). Accordingly, the court will grant Plaintiff's motion, subject to the conditions set forth in the accompanying order.

### IV.   Conclusion

For the foregoing reasons, the court finds that Plaintiff has established a *prima facie* claim for copyright infringement for purposes of the instant motion and that Plaintiff is unable to identify the John Doe Defendant beyond his or her IP address, 98.49.123.72. Moreover, the court finds that Plaintiff's

request for expedited discovery is narrowly tailored. Accordingly, the court concludes that Plaintiff's request for expedited discovery is reasonable under the circumstances. Therefore, Plaintiff's motion (Doc. 5) will be **GRANTED** subject to certain conditions set forth in the order.

An appropriate order will issue.

MALACHY E. MANNION
United States District Judge

**DATE: September 12, 2024**
24-1221-01